### MARTIN BROWN COMPANY v. A. COOPER.

#### No. 3107.

**Notice to Purchasers Necessary to Avoid Fraudulent Sale.**—It was proved without anything to the contrary that Cooper paid a valuable consideration for the policies of insurance in controversy.  That fact appearing, it was correct to charge the jury that the burden of proving that he had·notice of the fraudulent purpose of his vendor was on the plaintiff.

APPEAL from Tarrant.   Tried below before Hon. R. E. BECKHAM.  The opinion states the case.

*Frank B. Stanley* and *H. A. Spoontz*, for appellant.—When the fact of fraud in the transfer on part of the grantor is admitted or established by direct evidence, which is uncontradicted, the burden shifts to the purchaser to show that he paid an adequate consideration without notice of the fraud.   Wait on Fraud. Con., sec. 158; Id., sec. 10; Bryant v. Kelton, 1 Texas, 415; King v. Russell, 40 Texas, 124; Mills v. Howeth, 19 Texas, 257; Fulton v. Woodman, 54 Miss., 172; Watkins v. Edwards, 23 Texas, 447; Hamman v. Keigwin, 39 Texas, 34; Reeves v. Shry, 39 Texas, 634.

No brief for appellee reached the Reporter.

HENRY, ASSOCIATE JUSTICE.—The appellant sued Lockett & Bass upon a debt, and caused a writ of garnishment to be served upon the East Texas Fire Insurance Company. The garnishee brought the money into court, and answered that it had issued a policy to the defendants for $1000, but that it had been assigned by them to the appellee, and it prayed that he be made a party and the issue as to the right to the money be tried between appellant and the said Cooper.  Cooper appeared and claimed the money as the assignee of Lockett & Bass. The Martin Brown Company pleaded that the transfer of the policy to Cooper was made by Lockett & Bass to defraud their creditors.  It was proved that Lockett & Bass were insolvent and held the insurance policy in controversy and several others, amounting in the aggregate to $6500.   Among other debts, the insolvent firm owed Cooper, who was Lockett's brother-in-law, $2000.   Cooper purchased all of the policies of insurance on the day of the fire, and before they could be taken from the safe in the burned building in which they were kept. In addition to the surrender of his claim he paid for them $3000 in money.   Cooper testified, that he purchased and paid for the policies in good faith, without knowing that Lockett & Bass owed other debts. The defendant Lockett testified, that the policies were sold to Cooper "to prevent the Martin Brown Company getting them."   The Martin Brown Company recovered against Lockett & Bass a judgment for their debt, but upon the issue with Cooper judgment was rendered in his favor.

To reverse that judgment this appeal is prosecuted, and the following error was assigned: "The court erred in charging the jury as follows: 'The burden of proof is upon the plaintiff to show by a preponderance of the evidence that the transfer of the said policy was made with the intent on the part of said Lockett & Bass to hinder, delay, and defraud plaintiff; and further, that said Cooper had notice of such intent, or that he had notice of such facts as would have excited in the mind of a person of ordinary prudence a suspicion of such intention.' "

It was proved, without there being anything to the contrary, that Cooper paid a valuable consideration for the policies. That fact appearing, it was correct to charge that the burden of proving that he had notice of the fraudulent purpose of his vendor was on the plaintiff. Tillman v. Heller, 78 Texas, 600.

Upon the issue of notice and every other one to which appellant's remaining assignments of error relate the evidence was conflicting. The verdict of the jury was in favor of the appellee, and having evidence to support it, the judgment must be affirmed.

*Affirmed.*

Delivered November 13, 1891.