A. H. Cleveland et al. v. Butts Bros.

No. 2303.

**1.  Bona Fide Purchaser for Value—Actual Payment—Bond for Title.**
Where a sale is made with intent to defraud creditors, the purchaser is protected only as to the interest actually paid for by him before he receives notice or knowledge of the fraud of the seller, and a bond for title given by the purchaser, agreeing to convey land to the seller as part of the consideration, will not have the effect of actual payment.

**2.  Same—Fraudulent Conveyance—Burden of Proof.**
Where the creditor has shown that the conveyance was made with fraudulent intent, the purchaser has the burden of proof to show that he paid value; and if this be shown, the burden again shifts, and the creditor must prove that at the time of the payment the purchaser had notice of the fraud.  Article 2465, Sayles' Civil Statutes, construed.

**3.  Charge of Court—Assignment of Error Thereon.**
Where error is assigned to a charge of the court, the charge will be reviewed, although a wrong reason be given in the assignment, if the issue be raised by the pleading and proof.

Appeal from Parker.   Tried below before Hon. J. W. Patterson.

*F. O. McKinsey, J. M. Richards* and *J. N. Haney,* for appellants.
—1.   If the deed was never delivered to Wilson, then the title never passed to him, but remains in Butts Bros., and if the title remains in them, then $4000 of the consideration of the sale has never been paid and the plaintiffs can not retain the goods and the land both, it would be fraudulent and void and plaintiffs would be liable, at least, to the extent of $4000, the agreed value of the land.   Heller v. Tillman, 78 Texas, 601.

2.   The burden was on the defendants to show that Wilson transferred his property with intent to defraud his creditors, then the burden shifted to the plaintiffs to show that they were purchasers for value; after which, it devolved upon defendants to show that plaintiffs had knowledge of Wilson's fraud.   Tillman v. Heller, 78 Texas, 601.

*H. W. Kuteman,* for appellees.

STEPHENS, Associate Justice.—This contention involves the validity of a sale of a stock of goods made by H. O. Wilson to Butts Bros. on the 13th day of February, 1893.   The purchase price was $5700, of which $1700 was paid in cash or its equivalent at the time of the sale, and the rest was to be paid in a tract of land in Hardeman County, valued at $4000.

It is conceded that Butts Bros. knew that actions of debt were pending against Wilson by two of his creditors when the trade was made, to which actions, however, Wilson claimed to have valid defenses; and on this account the conveyance of the title to Wilson of the Hardeman County land was not to be delivered to him till after the determination of these

suits, but was to be held by H. W. Kuteman, Esq., Wilson's lawyer, as a sort of indemnity for the plaintiffs in said suits, or Butts Bros., or both, the evidence on this point being somewhat conflicting.

The title to the land then stood in the name of D. A. Knox, to whom W. A. Butts, of said firm, had previously sold it, with other lands, on a credit, expressly reserving the vendor's lien, and who had agreed, in consequence of his inability to pay the purchase price, to reconvey the same to W. A. Butts. Butts Bros., therefore, on said 13th day of February, 1893, at the time of the sale, made to Wilson a bond for title, obligating themselves to have the title conveyed to him within sixty days, which bond was delivered to Kuteman in pursuance of said understanding, as was also the deed from Knox to Wilson, about the 20th of March thereafter, it having been executed on the 16th day of March.

It turned out that Wilson not only owed the plaintiffs in said suits, but various other creditors, including White, Branch & McConklin, who caused a part of the goods in question to be seized under a writ of attachment, for the conversion of which Butts Bros. recovered in this action the market value thereof, with interest.

The defense alleged was to the effect, (1) that Wilson had made the sale to Butts Bros. with intent to defraud his creditors, which was clearly established by the evidence; (2) that Butts Bros. bought with notice, if not actual knowledge, of this fraudulent intent, which was a controverted issue; and (3) that Butts Bros. were not purchasers for value to the extent of $4000 allowed for the land, which the undisputed evidence clearly establishes.

If the conclusion last stated be correct, it is manifest that this conspicuous feature of the case was not only ignored by the charge of the court, but the reverse of the proposition was stated argumentatively in the very objectionable charge given at the request of appellees. It is also manifest that the judgment is wrong, in that appellees were allowed to recover as innocent purchasers the value of the entire property, when they were not entitled, in any event, to protection beyond the amount actually paid before receiving notice of the fraudulent intent of Wilson in making the sale. It is perfectly clear that they knew of such fraudulent intent long before the deed from Knox to Wilson was executed. In fact, W. A. Butts admitted that he found out that Wilson had deceived them the very day of the sale, but after it was consummated, and within three or four days thereafter, the various attachments were run. The deed was not executed till March 16, a month later.

To uphold their recovery, then, as innocent purchasers for value to the full extent of the purchase, the bond for title must be given the effect of a payment; but this the law does not permit. It did not pass the title, which was then in Knox, and was no more a payment than would a non-negotiable note or other bond have been. Mr. Pomeroy, in his excellent work on Equity (volume 2, section 751), states the rule correctly as follows: "It is further settled that there must be actual payment before any notice, or, what in law is tantamount to actual pay-

ment, a transfer of property or things in action, or an absolute change of the purchaser's legal position for the worse, or the assumption by him of some new, irrevocable legal obligation. It follows, therefore, that his own promise, contract, bond, covenant, bond and mortgage, or other non-negotiable security for the price, will not render the party a bona fide purchaser, nor entitle him to protection; for, upon failure of the consideration, he can be relieved from such obligations in equity, even if not at law."

That the rule, prevailing in this State, which limits the extent of a bona fide purchaser's right by the amount of the purchase price actually paid in money or its equivalent, is applicable to cases like this, was expressly decided in Tilman v. Heller, 78 Texas, 601. Justice Gaines, after reviewing the authorities, there states the conclusion of the court in this language: "We therefore conclude that the appellee can only be protected to the extent of the money actually paid at the time he received notice of the fraudulent intent of his vendors in making the sale," etc. See, also, La Page v. Slade, 79 Texas, 473.

Also, in the case quoted from, the statute invoked by appellants in this case (Sayles' Civ. Stats., article 2465) was construed as affecting the burden of proof in the following manner: "(1) The creditor, in order to defeat the conveyance, is bound to show a fraudulent intent; (2) when such intent is shown, the purchaser, in order to sustain the transaction, must show that he has paid value; (3) this being shown, the burden again shifts, and the creditor, in order to prevail in the action, must prove that at the time of the payment the purchaser had notice of the fraud." This construction has several times since been referred to with approval. La Page v. Slade, 79 Texas, 473; Sanger v. Colbert, 84 Texas, 668; Nixon v. Symonds, 2 Texas Civ. App., 629.

But, as stated in the fourth paragraph of the charge, to which error is assigned, the rule as applicable to the facts of this case was not correctly given, in that it assumed that the full purchase price was paid at the time of the sale, which, as already seen, was not the case. True, this charge was not materially different from that approved in Martin-Brown Co. v. Cooper, 82 Texas, 242, but there Justice Henry observed that the proof showed without anything to the contrary the payment of the consideration. The charge would have been correct had it been limited to the interest actually paid for at the time of the sale.

These conclusions lead to a reversal of the judgment, though we have found difficulty in so deciding, on account of the manner in which the errors have been assigned and briefed, the view here taken not having been consciously urged by counsel either in this or the District Court. The pleading and proof, however, did raise the issue below, and charges ignoring it, if not stating the reverse, have been distinctly assigned as error here. It has been ruled that where error is assigned to a charge, the charge will be reviewed, though a wrong reason be given in the assignment. Railway v. Smith, 87 Texas, 349.

The phase of the transaction presented above does not appear to have

been considered by this court in Wallace v. Butts, 31 S. W. Rep., 68, nor was its consideration necessary to the disposition of that appeal. The judgment was there reversed on a different ground. A re-examination of the record in that case indicates that the bond for title and the deed were executed at the same time, it appearing from the recitals in the statement of facts that they were both dated February 13, 1893; which also explains why the view above presented was not considered in that case.

It follows that the judgment must be reversed and the cause remanded for a new trial.

*Reversed and remanded.*